# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL MURPHY,<br><br>             Plaintiff,<br>     vs.<br><br>CARMEN FULLBRIGHT, in her individual capacity and as trustee of CARMEN FULLBRIGHT TRUST,  and COLDWELL BANKER RESIDENTIAL BROKERAGE,<br><br>             Defendants. | Case No. 12-cv-885-JM (WVG)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND GRANTING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Carol Murphy ("Murphy") filed a first amended complaint ("FAC") on June 20, 2012 against Carmen Fullbright ("Fullbright") and Coldwell Banker Residential Mortgage ("Coldwell Banker") (together "Defendants").  On July 5, 2012, Fullbright submitted a motion to strike under Fed. R. Civ. P. 12(f), and Coldwell Banker filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  For the reasons explained below, defendant Fullbright's motion to strike is DENIED, and defendant Coldwell Banker's motion to dismiss is GRANTED with leave to amend.

**I. BACKGROUND**

Murphy is an individual with psychiatric and physical disabilities who receives rental vouchers issued by the San Diego Housing Commission under the

federal government's Housing Choice Voucher program.  Compl. ¶ 4.  These rental vouchers are commonly referred to as "Section 8 vouchers."  Id.  Fullbright is a licensed real estate broker employed by Coldwell Banker.  Id. at ¶ 5.  Fullbright is also the trustee of the Carmen Fullbright Trust, which owns the Temecula Apartments and other rental properties.  Id.

On July 21, 2011, Murphy met with the Temecula Apartments' on-site manager.  Id. at ¶ 9.  After visiting the Temecula Apartments, Murphy asked whether the owner accepted Section 8 vouchers.  Id. at ¶ 10.  The on-site manager was unsure and told Murphy to speak directly with Fullbright.  Id.  Murphy called Fullbright to ask if she accepted Section 8 vouchers, and Fullbright responded that she would consider renting to Murphy.  Id. at ¶ 12.

Around July 27, 2011, Murphy and Fullbright met regarding her rental application at Coldwell Banker's Point Loma office.  Id. at 14.  At the meeting, Fullbright asked Murphy about her disability.  Id. at ¶ 15.  Murphy replied that she had anxiety and depression problems along with physical problems.  Id. at ¶ 15.  Fullbright then declined to rent a Temecula Apartment to Murphy, explaining that she believed most people receiving Section 8 vouchers were disabled and did not want to rent to anyone who had "a mental impairment or emotional problems."  Id. at ¶ 17.

Murphy alleges that Fullbright's rejection of her rental application for the Temecula Apartments was a violation of the federal Fair Housing Act ("FHA") as well as California's Fair Employment and Housing Act ("FEHA"), Unruh Civil Rights Act ("UCRA"), and Disabled Person's Act ("DPA").  Murphy further alleges that the Defendants were negligent when they violated their duty to operate

the Temecula Apartments without discriminating against disabled persons.  Id. at ¶ 24-47.

## II. FULLBRIGHT'S MOTION TO STRIKE
### A. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  Whittlestone, Inc. V. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F2d. 1524, 1527 (9th Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994)).  "However, striking the pleadings is considered "an extreme measure," and Rule 12(f) motions are therefore generally "viewed with disfavor and infrequently granted." Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)); see also 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380 (3d ed. 2010) ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." (footnotes omitted)).

## B. Discussion

Fullbright brought a motion to strike paragraphs 25(b),[1] 25(d),[2] 33,[3] and 42[4] from the amended complaint (Doc. No. 13); these paragraphs concern violations related to the Defendants' alleged refusal to accept Section 8 vouchers. Fullbright asserts that her refusal to accept Plaintiff's Section 8 voucher presents "a purely legal issue that the [c]ourt may properly resolve on motion to strike."

Fullbright relies heavily on Salute v. Stratford Greens Garden Apartments, 136 F.3d 293 (2d. Cir. 1998), a case in which the Second Circuit upheld the dismissal of FHA claims brought against an apartment manager who, as a matter of policy, refused to rent apartments to prospective residents who wished to utilize Section 8 vouchers. Under the FHA, only reasonable accommodations that do not cause undue hardship or mandate fundamental changes in a program are required. Salute v. Stratford Greens Garden Apartments, 136 F.3d 293, 301 (2d. Cir. 1998). The Second Circuit reasoned that economic discrimination resulting from the refusal to accept Section 8 vouchers was not a reasonable accommodation under the FHA. Id. at 302.

The Ninth Circuit, however, criticized Salute in Giebeler v. M&B Assocs., 343 F.3d 1143 (9th Cir. 2003), a case which neither party addressed. In Giebeler, the Ninth Circuit held that the appellant's request for a co-signer, which remedied

---

[1] Paragraph 25(b) alleges that the Defendants violated the FHA by establishing a policy against accepting Section 8 vouchers with discriminatory motive.

[2] Paragraph 25(d) alleges that the Defendants violated the FHA by failing to make reasonable accommodations for a disabled person.

[3] Paragraph 33 asserts that the Defendants violated the FEHA by establishing a policy against accepting Section 8 vouchers with discriminatory motive.

[4] Paragraph 42 claims that the Defendants violated the DPA by failing to make reasonable accommodations for a disabled person.

his economic status to qualify as a tenant, was a reasonable accommodation within the meaning of the FHA. Giebeler, 343 F.3d at 1159. Giebeler noted that the Supreme Court's decision in U.S. Airways, Inc. v. Barnett, 535 U.S. 391 (2002), rejected the notion that courts "should never get to the reasonableness inquiry where economic circumstances related to disability are at stake." Giebeler v. M&B Assocs., 343 F.3d 1143, 1154 (9th Cir. 2003). Giebeler also noted Judge Calabresi's dissent in Salute, which reasoned "that where the individuals in question are poor because they are disabled, a reasonable adjustment of policies requiring tenants to qualify on the basis of their own income rather than on the basis of other financial resources available to them for paying rent is, like allowing a blind tenant to keep a seeing eye dog despite a rule against pets, an accommodation of a need created by the disability." Id. at 1153 (emphasis in original) (quoting Salute v. Stratford Greens Garden Apartments, 136 F.3d 293, 302 (2d. Cir. 1998) (Calabresi, J., dissenting).

However, another Ninth Circuit decision, Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150 (9th Cir. 2011), contains some contradictory analysis. In Mortimer, the Ninth Circuit upheld a prohibitory injunction that permitted Section 8 residents to remain in their rental units, but also overturned the district court's mandatory injunction requiring the landlord to enter into Housing Assistance Payment ("HAP") contracts with the Oakland Housing Authority because the Plaintiffs failed to show a likelihood of irreparable injury if the Defendants did not enter into HAP contracts. Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1163 (9th Cir. 2011). Mortimer cited Salute in dicta, noting that congressional intent indicates that the burdens of Section 8 participation are sufficiently substantial that landlords should not be

forced to participate in Section 8.  Id. at 1161.  Mortimer also noted that once a landlord accepts a Section 8 tenant, that landlord could no longer turn away other Section 8 tenants, which could also constitute an unreasonable economic hardship. Id.

Nevertheless, as Giebeler expressly permits the court to look at economic accommodations under the FHA, a motion to strike is not appropriate to resolve this dispute even if the economic accommodation may prove to be unreasonable under the FHA.  Cf. RDF Media Ltd. v. Fox Broadcasting Co., 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005) ("Motions to strike are generally disfavored because of the limited importance of pleadings in federal practice.").  But irrespective of Giebeler, the disfavored nature of Rule 12(f) motions and the present inability of the court to determine whether the challenged allegations are "so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party," 5C Wright & Miller § 1380 (3d ed.2004), weigh heavily in favor of court denying the motion to strike these defenses, without prejudice.  Accordingly, defendant Fullbright's motion to strike is DENIED.

**IV. COLDWELL BANKER MOTION TO DISMISS**

**A. Legal Standard**

For a plaintiff to overcome this 12(b)(6) motion, her complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009). Factual pleadings merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they only establish that the allegations are possible rather than plausible. Id. at 678-679. The court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**B. Discussion**

In its motion to dismiss, Coldwell Banker asserts that Murphy's amended complaint does not contain the requisite factual specificity to assert that it was vicariously liable because Murphy failed to provide any facts indicating that Fullbright's conduct was related to her employment with Coldwell Banker. Coldwell Banker Motion to Dismiss at 4-5. California law holds an employer vicariously liable for risks broadly undertaken by an employee on behalf of an employer under the doctrine of respondeat superior.[5] Jacobus v. Krambo Corp., 78 Cal. App. 4th 1096, 1101 (Cal. Ct. App. 2000); Bailey v. Filco, Inc., 48 Cal. App. 4th 1552, 1558-1559 (1996). An employer is not responsible for an employee's tortious conduct when the employee is acting outside the scope of employment. Baptist v. Robinson, 143 Cal. App. 4th 151, 161-162 (Cal. Ct. App. 2006). Determining whether a tort was committed within the scope of employment is a question of fact. Id. Federal law similarly applies agency law and vicarious liability principles to liability under federal statutes. Meyer v. Holley, 537 U.S. 280, 285-286 (2003) ("And the Court has assumed that, when Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious

---

[5] Four of the Plaintiff's five claims are based on California law: FEHA, UCRA, DPA, and Negligence. The fifth claim is based on the FHA.

liability rules . . . ."); RESTATEMENT (THIRD) OF AGENCY § 2.04 ("An employer is subject to liability for torts committed by employees while acting within the scope of their employment."). To establish vicarious liability under either state or federal law, Plaintiff must therefore plead facts sufficient to suggest that Fullbright was acting as Coldwell Banker's employee when she refused to rent a Temecula Apartment to the Plaintiff.

Coldwell Banker concedes that Fullbright was its employee at the time of the tortious conduct but asserts that she had no actual authority on behalf of Coldwell Banker regarding the Temecula Apartments. In support of its motion to dismiss, Coldwell Banker submitted a Certified Trust Transfer Deed and a Certified Grant Deed to Carmen Fullbright for the Temecula Apartments. Coldwell Banker therefore stresses that Fullbright's renting of the Temecula Apartments was for own personal purposes.

Murphy, however, believed that Fullbright was acting as Coldwell Banker's agent regarding the rental of the Temecula Apartments because Fullbright used her Coldwell Banker email address on the Temecula Apartments' application form and her Coldwell Banker Office to discuss the apartment rental. Compl. ¶ 21. Accordingly, Murphy believed that Fullbright was acting within the scope of her employment with Coldwell Banker and that Coldwell Banker could therefore be held vicariously liable for Fullbright's allegedly tortious actions. But even if Fullbright was not acting as Coldwell Banker's agent when renting the Temecula Apartments, Murphy asserts that Coldwell Banker can still be held liable because Murphy had apparent or ostensible authority[6] on behalf of Coldwell Banker. An

---

[6] Under the California Code, apparent authority is instead referred to as "ostensible authority."

agent has apparent or ostensible authority "when the principal intentionally or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." Cal. Civ. Code § 2300; RESTATEMENT (THIRD) OF AGENCY § 2.03 ("The power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and belief is traceable to the principal's manifestation.").

However, these facts cited by the Plaintiff are at best only consistent with the possibility that Fullbright was acting as Coldwell Banker's actual agent when renting out the Temecula Apartments. Moreover, Coldwell Banker has submitted evidenced that Fullbright owned the Temecula Apartments and was acting outside the scope of her employment and on her own behalf. No factual allegations cited in the FAC indicate that Coldwell Banker took any affirmative action to represent Fullbright as its agent for the Temecula Apartments. As Murphy's complaint is devoid of any factual allegations that Fullbright was acting within the scope of her employment with Coldwell Banker or as Coldwell Banker's affirmative agent, Coldwell Banker's motion to dismiss is GRANTED with leave to amend.

## V. CONCLUSION

For the reasons stated above, defendant Fullbright's motion to strike is DENIED and defendant Coldwell Banker's motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

DATED: October 4, 2012

Jeffrey T. Miller
United States District Judge